COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


TERRY L. DAWES
                                    MEMORANDUM OPINION*
v.    Record No. 2104-02-2              PER CURIAM
                                     DECEMBER 31, 2002
GREAT COASTAL EXPRESS, INC. AND
 ACE AMERICAN INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Geoffrey R. McDonald; Geoffrey R. McDonald &
             Associates, P.C., on brief), for appellant.

             (Patricia C. Arrighi; Taylor & Walker, P.C.,
             on brief), for appellees.


      Terry L. Dawes (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove that (1) medical treatment rendered by Dr. Joy Thomas and

the mileage expenses associated with visits to Dr. Thomas's

office were causally related to her compensable September 11,

1995 injury by accident and reasonable and necessary treatment

for that injury; (2) mileage expenses incurred in traveling to

and from Dr. Karen Billmire's office for psychiatric treatment

were causally related to claimant's compensable injury by

accident; and (3) expenses for prescription medications

prescribed by Dr. Thomas, Dr. Billmire, and Dr. Joe Ghia were

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

causally related to claimant's compensable injury by accident and were reasonable and necessary treatment for her compensable injury. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proving that her medical treatment, mileage expenses, and prescription medication expenses were causally related to her compensable injury by accident and were reasonable and necessary for that injury, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

I. Dr. Thomas's Treatment and Related Mileage Expenses

In ruling that claimant failed to prove that Dr. Thomas's treatment and the associated mileage expenses were reasonable and necessary and causally related to claimant's compensable injury by accident, the commission found as follows:

> Regarding the treatment by Dr. Thomas, we note that although Dr. [Ganesh] Bissram[, the treating physician,] initially referred claimant to Dr. Thomas, [an anesthesiologist,] this does not automatically render the employer responsible for all treatment by Dr. Thomas.

- 2 -

The claimant must present sufficient evidence that the treatment rendered by Dr. Thomas, including trigger point injections and prescriptions, is causally related to the work injury, and reasonable and necessary for treatment of the work injury.

We find that claimant failed to meet this burden. Our file contains only one medical report from Dr. Thomas, dated March 18, 1999, for a trigger point injection, and a prescription slip for Methadone issued by Dr. Thomas on February 12, 2001. In his September 1996 report, Dr. Bissram stated that the claimant was referred to Dr. Thomas for trigger point injections but had not received relief from these. There is no indication that he continued to recommend this treatment as it clearly was not working. On February 14, 1997, Dr. Bissram reported that the claimant had been seeing Dr. Thomas for trigger point injections but his notes do not indicate any specific recommendation for continuing trigger point injections which, as he had previously indicated, were ineffective in treating the claimant's condition. Additionally, in November 1996, Dr. [Lee A.] Whitehurst opined that trigger point injections were not necessary for treatment of the claimant's work injury.

The medical evidence presented fails to sufficiently establish that any of Dr. Thomas's treatment claimed on the applications is the responsibility of the carrier, including the March 18, 1999, visit. . . . The claimant is not entitled to payment of any of the bills or the mileage claimed in conjunction with visits to Dr. Thomas.

The record contains no medical reports from Dr. Thomas, other than the March 18, 1999 operative report related to one trigger point injection and one prescription slip for methadone.

Those two documents do not address the causal relationship issue or the reasonableness and necessity of Dr. Thomas's treatment with respect to claimant's compensable injury by accident.  In light of the lack of any medical documentation to establish that Dr. Thomas's treatment was causally related to claimant's compensable injury by accident and was reasonable and necessary treatment for that injury, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.  Accordingly, we are bound by the commission's findings that claimant failed to prove she was entitled to payment of Dr. Thomas's medical bills and the mileage associated with visits to her office.

## II.  Mileage Expenses:  Dr. Billmire

Claimant contends that she proved that she was entitled to reimbursement for mileage expenses incurred in visiting Dr. Billmire's office.  In doing so she relies upon her testimony and Dr. Billmire's September 29, 1998 letter.[1]

The commission ruled that claimant failed to provide any documentation to support her claim that the psychiatric treatment rendered by Dr. Billmire was causally connected to

---

[1] We note, as the commission noted, that we will not consider any medical evidence that was not before the deputy commissioner when he rendered his November 19, 2001 decision. Dr. Billmire's September 28, 1998 letter, submitted by claimant as Exhibit 5 to her written statement on review, was not in the record before the deputy commissioner.  Thus, the commission properly refused to consider it on review, and we will not consider it on appeal.

- 4 -

claimant's compensable injury by accident and that such treatment was reasonable and necessary for the compensable injury.  Our review of the record supports that finding.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

### III.  Prescription Medication Expenses

Claimant contends that the commission erred in refusing to award her reimbursement for prescription medications prescribed by Drs. Thomas, Ghia, and Billmire.[2]  Claimant submitted a computer printout of medications she purchased at a CVS/REVCO pharmacy during 1998 through the beginning of 2001.  She underlined various prescriptions she claimed were employer's responsibility.

In denying claimant reimbursement for the claimed prescription expenses, the commission found that claimant failed to provide any medical documentation to show that the claimed prescriptions were causally related to her compensable injury by accident and that they were reasonable and necessary treatment

---

[2] Again, we will not consider claimant's counsel's April 12, 2001 letter to Dr. Thomas submitted as part of Exhibit 2 to claimant's written statement on review or Dr. Ghia's records submitted by claimant as Exhibit 3 to claimant's written statement on review.  None of those documents were in the record when the deputy commissioner rendered his decision and, therefore, the commission properly refused to consider them on review.  We note, as the deputy commissioner did in his opinion, that the record was held open for thirty days after the hearing to allow claimant to submit medical documentation supporting her claims, but she failed to do so and the record closed on December 19, 2001.

for that injury.  The commission also noted that most of the medications were prescribed by unauthorized physicians.  Our review of the record supports those findings.  Accordingly, we cannot find as a matter of law that claimant sustained her burden of proof with respect to her claim for prescription medication expenses reimbursement.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>